**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,                     :
                                              :        01 Cr. 497 (RMB)
       - against -                          :        16 Cv. 4658 (RMB)
                                              :
FLORIAN SPAHIU,                               :        **DECISION & ORDER**
                    Defendant.       :
-----------------------------------------------------------------x

      Having reviewed the record herein, including without limitation: **(1)** Florian Spahiu's 28 U.S.C. § 2255 habeas petition, filed by Assistant Federal Defender Yuanchung Lee and dated June 17, 2016; a letter supplementing Spahiu's petition dated October 15, 2019; and Spahiu's Reply dated October 22, 2019 (collectively, the "Petition"). The Petition requests that the Court vacate Spahiu's conviction under 18 U.S.C. § 924(c) for aiding and abetting the discharge of a firearm in connection with a "crime of violence." Petition at 1. Spahiu's principal argument is that "the offense upon which the § 924(c) charge is predicated -- attempted Hobbs Act robbery -- does not qualify as a crime of violence in light of . . . *United States v. Davis*, 139 S. Ct. 2319 (2019)." Id.; **(2)** the Government's opposition, dated October 22, 2019, counters that: (i) "Spahiu's argument attacking his Section 924(c) conviction is procedurally defaulted, because he did not raise it on direct appeal"; and (ii) "attempted Hobbs Act robbery still qualifies as a 'crime of violence' under the force clause of Section 924(c)(3)." Gov't Opp. at 7; **(3)** Spahiu's submission, dated February 24, 2021, in which he contends that "[his] deportation does not deprive this Court of jurisdiction." Feb. 24, 2021 Pet'r Ltr. at 1, 5; and **(4)** the Government's submission, dated February 24, 2021, contending that in light of "Spahiu's completion of his sentence and deportation, . . . [his] Petition no longer presents a live case or controversy under Article III, Section 2, of the United States Constitution, and thus is moot." Feb. 24, 2021 Gov't Ltr. at 1-2, **the Court denies Spahiu's Petition as follows:**[1]

---

[1] **Any issues or arguments raised by the parties but not specifically addressed in this Decision & Order have been considered by the Court and rejected.**

1

I.   **Background**

On November 5, 2002, Spahiu was charged in a four-count superseding information with the following crimes: **Count One** – conspiracy to commit Hobbs Act robbery, including an attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 1952; **Count Two** – conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); **Count Three** – aiding and abetting the discharge of a firearm "during and in relation to a 'crime of violence,' to wit, the attempted [Hobbs Act] robbery described in [Count One]," in violation of 18 U.S.C. § 924(c); and **Count Four** – conspiracy to commit alien smuggling, in violation of 18 U.S.C. § 371. See Superseding Information.

On November 5, 2002, Spahiu pleaded guilty to all four counts. See Plea Hr'g Tr.; see also Gov't Opp. at 5. When the date of sentencing approached, "[b]ecause Spahiu failed to provide substantial assistance as required by his Cooperation Agreement, and violated his Cooperation Agreement by providing fabricated documents to the Government," the Government did not file a Section 5K1.1 letter on Spahiu's behalf. Gov't Opp. at 6. On May 5, 2005, the Court sentenced Spahiu to 240 months' imprisonment (which was the statutory mandatory minimum sentence) followed by 5 years of supervised release. See Sentencing Tr. at 36:3-37:5. The Court also imposed a $100 special assessment for each of the four counts. Id. at 39:21-23. (The special assessment appears to have been paid on August 9, 2017.) On November 26, 2018, Spahiu was released from prison after serving approximately 209 months. See Gov't Opp. at 7. He was deported on or about January 16, 2019. See Feb. 24, 2021 Gov't Ltr. at 1.

Spahiu appealed from the Court's judgment on May 23, 2005. On May 5, 2006, the Second Circuit affirmed the judgment. *See United States v. Spahiu*, 179 F. App'x 791 (2d Cir. 2006), *cert. denied*, 549 U.S. 941 (Oct. 2, 2006). On appeal, Spahiu did not argue that "his § 924(c) conviction could not stand because attempted Hobbs Act robbery does not qualify as a predicate 'crime of violence.'" Petition at 2; *see* Appellant's Br., *United States v. Spahiu*, No. 05-2527 (2d Cir. Dec. 21, 2005).

**II.   Findings**

The Court finds as follows:

1. The caselaw confirms that Spahiu's deportation does not deprive this Court of jurisdiction over his Petition principally because a "special assessment attached to [a] conviction constitutes a concrete, redressable injury sufficient to establish . . . a 'case or controversy.'" *Dhinsa v. Krueger*, 917 F.3d 70, 77-78 (2d Cir. 2019) ("based on the $100 special assessments that attache[d] to each of [petitioner's] convictions[,] . . . the District Court properly exercised jurisdiction over the petition . . . [A]lthough the special assessments are slight in amount, . . . each is a concrete, redressable injury."); *see also Seabrook v. United States*, 2020 WL 5764370, at *4 (S.D.N.Y. Sept. 27, 2020) ("[petitioner] incurred a $900.00 special assessment . . . . Accordingly, [petitioner] suffers from concrete and continuing injury resulting from his challenged conviction, and thus Article III jurisdiction is not absent due to [his] release from custody.").

2. Spahiu is barred from raising for the first time the argument that attempted Hobbs Act robbery does not qualify as a crime of violence. *See Billy-Eko v. United States*, 8 F.3d 111, 113-14 (2d Cir. 1993) ("where a petitioner does not bring a claim on direct appeal, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom"). Even assuming, without deciding, that Spahiu has established cause for the procedural default, he cannot show actual prejudice. *See, e.g.*, *Vilar v. United States*, 2020 WL 85505, at *1-3 (S.D.N.Y. Jan. 3, 2020) ("defendant has cause for his failure to raise the claim [challenging his § 924(c) conviction] . . . [but] there is no prejudice [] to excuse the procedural default . . . [T]he § 924(c) conviction will stand." (citation omitted)).

3. The reason Spahiu cannot establish actual prejudice is that attempted Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)'s force clause and is therefore a valid predicate for his § 924(c) conviction. *See Crowder v. United States*, 2019 WL 6170417, at *3 (S.D.N.Y. Nov. 20, 2019) ("attempted Hobbs Act robbery is a 'crime of violence' within the meaning of § 924(c)(3)(A)"); *United*

*States v. Ullah*, 2021 WL 21902, at *8 (S.D.N.Y. Jan. 4, 2021) ("persuasive authority indicates that attempted crimes of violence, including . . . attempted Hobbs Act robbery . . . will satisfy the force clause" (citations omitted)); *Simmons v. United States*, 2019 WL 6051443, at *3 (S.D.N.Y. Nov. 15, 2019) ("attempt to commit a Hobbs Act robbery [is] a 'crime of violence' under 18 U.S.C. § 924(c)"). And while the Second Circuit has not yet resolved this issue, several other Circuit Courts have held persuasively that attempted Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)(3)(A). *See United States v. McCant*, 805 F. App'x 859, 864 (11th Cir. 2019), *cert. denied*, 141 S. Ct. 431 (2020) ("attempted Hobbs Act robbery constitutes a crime of violence for the purposes of section 924(c)'s [force] clause"); *United States v. Dominguez*, 954 F.3d 1251, 1262 (9th Cir. 2020); *United States v. Ingram*, 947 F.3d 1021, 1026 (7th Cir. 2020); *but see United States v. Taylor*, 979 F.3d 203, 210 (4th Cir. 2020) ("we hold that attempted Hobbs Act robbery is not categorically a 'crime of violence'").

4. Accordingly, in view of Spahiu's failure to raise his claim on direct appeal and because attempted Hobbs Act robbery is a "crime of violence" under § 924(c)(3)(A), his claim cannot stand and his Petition is denied. *See Rosario Figueroa v. United States*, 2020 WL 2192536, at *3 (S.D.N.Y. May 6, 2020) ("if Petitioner's challenge fails on the merits, there cannot be actual prejudice because there would be no error from which such prejudice would flow" (citation and quotation marks omitted)); *see also Blume v. Martuscello*, 2015 WL 10487723, at *11 (S.D.N.Y. Aug. 5, 2015) ("Petitioner's attempt to demonstrate . . . prejudice is inextricably intertwined with the merits of his [] claim.").

## III.   Conclusion & Order

For the reasons set forth above, Spahiu's 2255 Habeas Petition [#238 in 01-cr-497 and #1 in 16-cv-4658] is denied. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
       March 8, 2021

*Richard M. Berman*
**RICHARD M. BERMAN, U.S.D.J.**